Judge Robertsoh
delivered the opinion of the Court.
Various questions are presented by this record. But a decision of one of them alone, will virtually dispose of them all; and that is, whether a widow holding land m right of dower can, by *470 chasing a title adverse and paramount to that of the reversioners, and under which she acquired the pos-defeat the reversionary right, or prevent a restitution of possession to the reversioners, by alien-at’on ah her right to another, by^deed, for a valuable consideration?
To this we must respond in the negative. It is an universal rule of law, as well as principle of justice ancj policy, that the possession shall “be held according under which it was acquired.”
ru^e *s a<^mitted hy the counsel for the appeb-lant. But he insists that it applies only to the relation of landlord and tenant, by express contract; and that, therefore, a widow who is put into possession by the act of the law, independently of the will of agency of the heirs or devisees, is not embraced by the reason of the rule. We think differently. In e¡tfjer case the reason is the same. In each, good faith exacts of the tenant the same allegiance to the title under which possession was acquired, and on each, therefore, the law will equally protect the rights of the reversioner.
The fact that the widow may obtain possession, “in invitum,” does not change her relation to the heir, nor exempt her from the obligations of good faith. She cannot, by purchasing an outstanding title and selling it to a stranger, defeat the right of those under whose title she entered, nor prevent a restitution of possession to them, after her death. See Connelly’s heirs vs. Chiles, II. Marshall, 243.
The relation which subsisted between her and those in reversion, cannot be destroyed by any act of hers without their consent; ah attempt to destroy it or to take shelter under any adverse title, would be a fraud on the title which gave her a right to dower, and under which, therefore, she entered.
Her alienee could hold no other or better title than she had a right to hold; as she could not dispute the title of her husband, her vendee cannot. Such is Kirk’s condition. The circuit court decided that he could not resist the Title under which his vendor entered on the land. ^That decision being conformable *471 to'tbii opinion, therefore, the judgment of the circuit court is affirmed. „
Reid and Brown, for appellant; Denny, for ap-pellee.
Whether Kirk, (after a restoration of the land to the reversioners,) could recover the possession, by asserting the title which the widow purchased and sold to him, or the price which it cost, is a question which we cannot now judicially determine. The parties must be placed “in statu quo? then if Kirk shall be able to show the best right to the land, he must do it as plaintiff. He cannot, for the reasons which have been offered, be suffered to do so successfully, in the attitude of a defendant in a suit by those, in virtue of whose title, he acquired the possession.